UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY,<br><br>　　　　Defendant. | Case No. 21-cv-02851-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF 10 |

Plaintiff Andy Nguyen is suing Defendant United States Postmaster General Louis Dejoy for failing to properly pay him at the end of his employment with the United States Post Office. Nguyen alleges violations of the Fair Labor Standards Act and the California Labor Code. Dejoy moves to dismiss the complaint on the grounds that this Court lacks jurisdiction to hear the claims and on the grounds that the complaint failed to state a claim for violation of the FLSA. After considering the briefing and reviewing the complaint, the Court GRANTS the motion to dismiss but also GRANTS Nguyen leave to amend.

**I.　BACKGROUND**

According to the complaint, Nguyen worked at the Willow Glen Post Office in San Jose, California for three-and-a-half years. ECF 1 at 3, 4. During his time at Willow Glen, he was salaried at $45,871 per year. *Id.* at 4. Nguyen left his role on October 5, 2019. *Id.* at 3. Upon his departure, Nguyen expected to receive all of his remaining benefits and direct deposits, but he never received his final check for $4,639.49. *Id.* at 4, 3. Nguyen

contacted the USPS Accounting Service Center for support and discovered that the check was cashed at an ATM machine. *Id.* at 3-4  He reported the lost and cashed check to the San Jose Police Department, and contacted USPS Human Resources Department, the Willow Glen Human Resources Department, and the USPS Accounting Service Center seeking a replacement check for the suspected forgery. *Id.* at 4. The agencies denied his claims without explanation. *Id.*

On April 8, 2021, Nguyen brought suit against Dejoy to recover his final check. *Id.* On July 16, 2021, Dejoy moved to dismiss the complaint for lack of jurisdiction and failure to state a claim. ECF 10. When Nguyen did not file a response by July 30, 2021, the Court ordered an extension of the deadline to August 9, 2021. ECF 15. Nguyen filed an opposition on August 6, 2021. ECF 17. On August 13, 2021, Dejoy filed a reply. ECF 19. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 5; ECF 12.

## II.     LEGAL STANDARD

### A.     12(b)(1): Lack of Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to establish the existence of subject matter jurisdiction in response to a 12(b)(1) motion. *See Kingman Reef Atoll Inv., LLC v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2008).

"The United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). In order for a federal court to exercise jurisdiction over a suit against the United States, the court "must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta v. U.S.*, 653 F.3d 898, 903 (9th Cir. 2011) (citing *U.S. v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

### B. 12(b)(6): Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Lack of Jurisdiction Over California Labor Code Claims

The complaint alleges a violation of California Labor Code § 203 for USPS' "failure to pay all of the wages owed at the time of [his] termination." ECF 1 at 6. USPS is an "independent establishment of the executive branch of the Government of the United States," and therefore "enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 545 U.S. 481, 483-484 (2006). The party asserting a claim against the United States has the burden of demonstrating an "unequivocal" waiver of sovereign immunity. *See U.S. v. Park Place Assocs.*, 563 F.3d 907, 924 (9th Cir. 2009) (internal citations omitted). Here, Nguyen fails to demonstrate USPS' waiver of sovereign immunity for California Labor Code claims in the complaint or in his opposition. *See* ECF 1; *see also* ECF 17. In the absence of waiver, USPS is entitled to sovereign immunity and this Court

3

does not have jurisdiction to hear this claim.  Accordingly, the California Labor Code claims are dismissed with leave to amend for Nguyen to demonstrate USPS' waiver of sovereign immunity.

### B. Lack of Jurisdiction Over FLSA Claim

The Tucker Act waives sovereign immunity over certain types of claims, including those regarding express or implied contracts with the United States.  *See* 28 U.S.C. § 1346.  However, the Tucker Act also specifies that only the United States Court of Federal Claims has jurisdiction over such claims where the damages exceed $10,000.  *See id.*; *see also U.S. v. Tacoma Oriental S.S. Co.*, 86 F.2d 363, 369 (9th Cir. 1936).  In cases where the damages exceed $10,000, a federal court may retain jurisdiction if the plaintiff amends the complaint to waive damages in excess of $10,000.  *See Kotarski v. Cooper*, 799 F.3d 1342, 1354 n.3 (9th Cir. 1986), *vacated on other grounds*, 866 F.2d 311 (9th Cir. 1989).

Here, Dejoy asserts that Nguyen's request for damages exceeds $10,000.  ECF 19 at 4.  Upon reviewing the complaint, it is not clear that the damages request certainly exceeds $10,000, but because it is unclear, and Nguyen has not waived damages in excess of $10,000, the Court must dismiss the FLSA claim for lack of jurisdiction.  Nguyen may amend the complaint to clarify the amount of damages he is requesting.  If the damages exceed $10,000, and Nguyen wishes to continue litigating his claim in this Court, he may include a waiver of damages in excess of $10,000.

### C. Failure to State a Claim for Violation of the FLSA

The FLSA was passed by Congress to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202 *et seq.*  The FLSA covers claims relating to unpaid wages, but it does not cover claims regarding payment for time not worked– including leaves, vacations, or holidays.  29 U.S.C. § 202 *et seq.*  Here, it is unclear from the complaint whether Nguyen's FLSA claim is based on USPS' failure to pay out his leave or its failure to render his last paycheck.  *See* ECF 1.  Nguyen did not clarify this ambiguity in his opposition.  *See* ECF 17.  Accordingly, the Court dismisses the FLSA

claim for failure to state a claim and grants Nguyen leave to amend the complaint to clarify the grounds for his claim and whether the FLSA applies.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Dejoy's motion to dismiss the complaint. The Court also GRANTS Nguyen leave to amend the complaint to fix the deficiencies identified in this order. Nguyen may not add any new parties or claims without further leave of Court. Nguyen must file a first amended complaint or notify the Court that he does not wish to amend by September 17, 2021. If Nguyen does not act by September 16, the Court will dismiss the complaint.

**IT IS SO ORDERED.**

Dated: August 17, 2021              _____
                                    NATHANAEL M. COUSINS
                                    United States Magistrate Judge

5